# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BROADCAST MUSIC, INC., MJ TWELVE MUSIC, TOKECO TUNES, MOEBETOBLAME MUSIC, WARNER-TAMERLANE PUBLISHING CORP. and INDIANA ANGEL MUSIC,**

      **Plaintiffs,**

**v.**                                          Case No:   6:14-cv-1705-Orl-22KRS

**BLOOD HOUND BREW, LLC, VILAS R. KEVADIA and ROMESH KEVADIA,**

      **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS (Doc. No. 58)**
>
> **FILED:**      **November 16, 2015**

## I.  BACKGROUND.

On October 20, 2014, Plaintiffs Broadcast Music, Inc., MJ Twelve Music, Tokeco Tunes, Moebetoblame Music, Warner–Tamerlane Publishing Corp., and Indiana Angel Music filed suit against Defendants Blood Hound Brew, LLC, Vilas R. Kevadia, and Romesh Kevadia.  Doc. No. 1. Plaintiffs asserted claims for copyright infringement based on Defendants' unauthorized public performance of copyrighted musical works.  *Id.* ¶ 18.

Plaintiffs filed a motion for summary judgment, Doc. No. 41, which the Court granted on November 2, 2015, Doc. No. 53.  The Court also determined that Plaintiffs were entitled to recover

the costs and attorneys' fees they incurred in this action, and it directed the parties to conduct a good-faith conference in an effort to determine a reasonable amount for the award. Doc. No. 53, at 16. Failing such agreement, Plaintiffs were directed to file a motion with documentation supporting the reasonableness of its costs and fees. *Id.*

On November 16, 2015, Plaintiffs filed the instant motion for attorneys' fees and costs. Doc. No. 58. Defendants have not responded to the motion, and the time for them to do so has passed. The presiding District Judge referred the motion to me for issuance of this Report and Recommendation, and the matter is now ripe for review.

## II.   DISCUSSION.

Plaintiffs' motion presents two separate requests to the Court. First, Plaintiffs ask that the Court award it $16,169.97 in attorneys' fees. Doc. No. 58, at 3–4. Second, Plaintiffs ask that the Court award it $1,608.38 in costs. *Id.* at 5. I will address each of these requests in turn.

   *A.   Plaintiffs Should Be Awarded $16,169.97 in Attorneys' Fees.*

In its order granting Plaintiffs' motion for summary judgment, the Court determined that Plaintiffs were entitled to an award of attorneys' fees under the Copyright Act. Doc. No. 53, at 15–16. With the issue of entitlement already decided, the Court must next determine the reasonable fees to which Plaintiffs are entitled.

When assessing whether a fee is reasonable in a copyright case, federal courts employ the familiar lodestar analysis. *See, e.g.*, *BWP Media USA Inc. v. A.R. Commc'ns, LLC*, No. 6:14-cv-120-Orl-22KRS, 2014 U.S. Dist. LEXIS 141812, at *11 (M.D. Fla. Sept. 19, 2014), *adopted by* 2014 U.S. Dist. LEXIS 141813 (M.D. Fla. Oct. 6, 2014). Under that analysis, a court must multiply the number of hours reasonably expended on the litigation by the customary fee charged in the community for similar legal services to reach the sum referred to as the "lodestar." *Ass'n of Disabled Ams. v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 (11th Cir. 2006) (per curiam). "The

court may then adjust the lodestar to reach a more appropriate attorneys' fee, based on a variety of factors, including the degree of the plaintiff's success in the suit." *Id.*

The fee applicant bears the burden of supplying the court with specific and detailed evidence from which it may determine the reasonable fee. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). A court may also, however, use its knowledge and experience to determine the reasonable and proper fees to award. *Id.*

Plaintiffs filed declarations from Frank R. Jakes, Esq. and Zachary D. Messa, Esq., their counsel of record. Doc. Nos. 58-1, 58-2. Attorneys Jakes and Messa are board-certified in the area of intellectual property law. Doc. No. 58-1 ¶ 5; Doc. No. 58-2 ¶ 3. Their declarations provide the following information concerning timekeepers for whose work a fee award is sought:

| Timekeeper | Position | Years of Experience | Hours Expended | Average Rate | Fees |
|---|---|---|---|---|---|
| Frank R. Jakes | Partner | 32 | 1.8 | $435.00 | $783.00 |
| Zachary D. Messa | Partner | 14 | 84.4 | $250.00 | $21,100.00 |

*Id.* The hours identified in the above-table are consistent with the time records submitted by Attorneys Jakes and Messa. *See* Doc. No. 58-1, at 9–14; Doc. No. 58-2, at 5–10.

While Plaintiffs bore the burden of producing specific information in support of their fee request, "those opposing fee applications have obligations, too." *ACLU v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). "In order for courts to carry out their duties in this area, 'objections and proof from fee opponents' concerning hours that should be excluded must be specific and 'reasonably precise.'" *Id.* (quoting *Norman*, 836 F.2d at 1301). Accordingly, a fee opponent's failure to lodge specific objections to an attorney fee request is generally viewed as fatal. *See Kratom Lab, Inc. v. Mancini*, No. 11-80987-CIV-MARRA/MATTHEWMAN, 2013 U.S. Dist. LEXIS 182410, at *8 (S.D. Fla. Dec. 3, 2013), *adopted by* Doc. No. 92 (S.D. Fla. Jan. 17, 2014); *Scelta v. Delicatessen*

*Support Servs. Inc.*, 203 F. Supp. 2d 1328, 1333 (M.D. Fla. 2002); *see also Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387, 1389 (11th Cir. 1997).

Here, Defendants filed no objections to Plaintiffs' fee request. In the absence of such objection, I recommend that the Court find that the hours expended in this case and hourly rates requested are reasonable.[1] These figures, as outlined in the above table, would entitle Plaintiffs to $21,883.00 in attorneys' fees.[2] Plaintiffs, however, have voluntarily reduced the lodestar amount to $16,169.97, in light of the particular fee arrangement between Plaintiffs and their counsel.[3] Doc. No. 58, at 4. In light of that reduction, I recommend that the Court award Plaintiffs $16,169.97 as a reasonable attorneys' fee in this case.

    B.    *The Court Should Award Plaintiffs Taxable Costs.*

Plaintiffs also seek $1,608.38 in taxable costs under Federal Rule of Civil Procedure 54(d). Doc. No. 58, at 5. This sum consists of $400.00 for the filing fee, $135.00 for the service of process fee, $580.00 for a deposition transcript fee, and $493.38 for the mediation fee. *Id.*; Doc. No. 58-2 ¶ 5. Each of these costs, except mediation expenses, are taxable under Rule 54(d) and 28 U.S.C. § 1920. *See Collins v. Okefenoke Rural Elec. Membership Corp.*, No. CV 213-052, 2015 U.S. Dist. LEXIS 28563, at *2–4 (S.D. Ga. Mar. 9, 2015) (deposition transcripts); *Fornell v. Morgan Keegan & Co.*, No. 6:12-cv-38-Orl-28TBS, 2013 U.S. Dist. LEXIS 24874, at *6–7 (M.D. Fla. Jan. 11, 2013)

---

[1] This recommendation is not meant to imply approval of the requested rates in all cases. Rather, I base this recommendation on the narrow circumstances of this case, in which the case proceeded to summary judgment and Defendants failed to lodge any objections to the reasonableness of the requested rates. *See Barnes*, 168 F.3d at 428; *see also Baby Buddies, Inc. v. Toys "R" US, Inc.*, No. 8:03-cv-1377-T-MAP, 2011 WL 4382450, at * 7 (M.D. Fla. Aug. 9, 2011) (finding $350.00 to $475.00 per hour reasonable for work performed by partners who were local counsel in a copyright infringement case resolved on summary judgment), *adopted by* 2011 WL 4382285 (M.D. Fla. Sept. 20, 2011).

[2] Calculated as follows: ($435.00 x 1.8 hours worked by Attorney Jakes) + ($250.00 x 84.4 hours worked by Attorney Messa) = $21,883.00.

[3] Plaintiffs indicate that their counsel billed $10,250.00 as a flat fee for matters through the filing of the motion for summary judgment and $5,919.97 at an hourly fee for pretrial and trial preparation. Doc. No. 58, at 4.

(filing and service fees), *adopted by* 2013 U.S. Dist. LEXIS 24881 (M.D. Fla. Feb. 22, 2013). Defendants have not objected to these costs.

However, mediation expenses are not taxable costs under 28 U.S.C. § 1920. *Gary Brown & Assocs., Inc. v. Ashdon, Inc.*, 268 F. App'x 837, 846 (11th Cir. 2008) (cited as persuasive authority); *Ivory v. Holme*, 8:07-cv-2354-T-TBM, 2009 WL 1185309, at * 2 (M.D. Fla. April 30, 2009). Therefore, I recommend that the request to tax the mediation fee in the amount of $493.38 be denied.

Accordingly, I recommend that the Court award Plaintiffs $1,115.00 in costs.

### III.   RECOMMENDATIONS.

In light of the foregoing, I respectfully **RECOMMEND** that the Court **GRANT in part** Plaintiffs' Motion for Attorneys' Fees and Costs (Doc. No. 58). I further **RECOMMEND** that the Court **AWARD** Plaintiffs $16,169.97 in attorneys' fees and $1,115.00 in costs.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on December 9, 2015.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE